# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>40 ACRES OF LAND, MORE OR LESS, SITUATED IN SAN BERNARDINO COUNTY, STATE OF CALIFORNIA; and ASUNCION CASTRO RIVERA, et al.,<br><br>Defendants. | Case No.: ED CV 19-672-DMG (KKx)<br><br>**FINAL JUDGMENT [19]** |

Plaintiff United States of America and Defendants Efren Cano Rivera and Asuncion Castro Rivera ("Defendants") having so agreed and stipulated [Doc. # 19-1], the Court hereby ORDERS, ADJUDGES, AND DECREES as follows:

1. On or about April 15, 2019, the United States filed a Complaint in Condemnation [Doc. # 1] and a Declaration of Taking [Doc. # 3] in this eminent domain proceeding.

2. The Declaration of Taking provides for the United States acquiring a fee simple interest in certain land in San Bernardino County, California, as described in the Declaration of Taking (hereafter, the "Subject Property").

3. On or about July 25, 2019, the United States deposited $15,000.00 with the Court as an estimate of just compensation for the taking of the Subject Property [Doc. # 17]. At the time of the deposit, title to the Subject Property, to the extent set forth in the Declaration of Taking, vested in the United States by operation of law. 40 U.S.C. § 3114(b).

4. Defendants were the record owner of the Subject Property immediately prior to the deposit with the Court of the United States' estimate of just compensation.

5. Defendants have not requested the Court to withdraw any portion of the deposit during the pendency of this action. Accordingly, the full deposited amount of $15,000.00, plus any applicable earned interest, remains in the Court's registry.

6. Defendants San Bernardino County Auditor-Controller/Treasurer/Tax Collector and N.R.L.L., LLC (now a defunct entity) have disclaimed any interest in the proceeds of this case and have requested that no further pleadings be served upon it. [Doc. ## 13, 18.]

7. In order to settle this condemnation action, the parties agree that the just compensation payable by the United States for the taking of the Subject Property as described in the Declaration of Taking, together with all improvements thereon and appurtenances thereunto belonging, shall be the sum of $20,160.00 inclusive of interest, attorneys' fees, and costs. Defendants are not represented by counsel in this matter.

8. **JUDGMENT** shall be, and is hereby, entered against the United States in the amount of $20,160.00.

9. The deficiency between the agreed settlement amount ($20,160.00) and the previously deposited amount ($15,000.00) is $5,160.00.

10. he United States shall pay into the Registry of the Court, and the Clerk is hereby directed to accept, the deficiency amount of $5,160.00.

11.     The said sum of $20,160.00 shall be full and just compensation and in full satisfaction of any and all claims of whatever nature against the United States by reason of the institution and prosecution of this action and taking of the Subject Property and estates described in the Declaration of Taking filed herein, together with all improvements thereon and appurtenances thereunto belonging.

12.     The said sum of $20,160.00 shall be subject to all liens, encumbrances, and charges of whatever nature existing against the Subject Property at the time of vesting of title thereto in the United States and all such taxes, assessments, liens and encumbrances shall be payable and deductible from said sum.

13.     Defendants warrant that they have the exclusive right to compensation herein and that no other person or entity is entitled to the same or any part thereof. In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the Subject Property taken in this case, Defendants shall refund into the Registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon calculated in accordance with the provision of 40 U.S.C. § 3116, from the date of the receipt of the deposit by Defendants to the date of repayment into the Registry of the Court.

14.     The parties shall be responsible for their own respective legal fees, costs, and expenses (including attorneys' fees, consultants' fees, experts' fees, transcript costs, and any other expenses relating to this litigation).

15.     Upon the United States depositing the deficiency amount of $5,160.00 into the Registry of the Court, the Clerk of the Court shall, without further order of this Court, disburse the total deposited amount of $20,160.00, together with any interest earned thereon while on deposit, by issuing a check payable to Efren Cano Rivera and Asuncion Castro Rivera and mailing the check to:

Efren Cano Rivera and Asuncion Castro Rivera

13253 Earl Avenue

Baldwin Park, CA 91706-3826

16. Following disbursement of funds to Defendants as described in paragraph 14 above, this case shall be CLOSED.

17. The United States shall have the right immediately to possess the Subject Property.

18. The Stipulated Final Judgment may be signed in counterparts.

The August 30, 2019 hearing on the unopposed motion for entry of stipulated final judgment is VACATED.

IT IS SO ORDERED.

DATED: August 21, 2019

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE